JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF BEAR STERNS ALT-A TRUST II, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1,<br><br>Plaintiff,<br><br>vs.<br><br>ENSIEH TASDIGHI,<br><br>Defendant. | CASE NO. CV 12-10251 ABC (ASWx)<br><br>ORDER REMANDING CASE TO STATE COURT |

On November 30, 2012, Defendant Ensieh Tasdighi, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court. The Court REMANDS this case for lack of subject matter jurisdiction.

As a routine unlawful detainer action, Defendant could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject-matter jurisdiction, rendering removal improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). First, this unlawful detainer action does not give rise to a federal question. *See* 28 U.S.C. §§ 1331, 1441(b). Second, the amount in controversy does not

exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). To the contrary, the complaint limits the amount in controversy to less than $10,000. And even if the amount in controversy were met, Defendant resides in the forum state, so she cannot properly remove the action. 28 U.S.C. § 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 1725 Main Street, Santa Monica, California 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: December 5, 2012

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE